IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PATRICK OVERTON,<br><br>Plaintiff,<br><br>vs.<br><br>FRANKLIN COVEY CO., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER CONVERTING MOTION TO DISMISS AND SCHEDULING ORDER VACATING HEARING<br><br><br>Case No. 2:09-CV-846 TS |

Defendant Franklin Covey filed two Motions to Dismiss. The first is under Rule 12(b)(6) for the failure to state a claim. The second motion asserts that the statute of limitations bars any suit. In support of its statute of limitations argument, Defendant submitted various materials including an Agreement to Waive Statute of Limitations, a notice, and letters and emails between counsel. Plaintiff responded to the statute of limitations argument and attached his own exhibit in support of his argument on the date that commenced the running of the limitations period. Plaintiff also argued that because the motion attached matters outside of the pleading, and was based on those attachments, the motion must be converted into a motion for summary judgment pursuant to Fed. R. Civ.

1

P. 12(d). If the Motion is converted, Plaintiff requests additional time for unspecified discovery.

Defendant's Reply agrees that the Motion should be construed as one for summary judgment. For the purposes of the Motion, Defendant accepts the dates proffered by Plaintiff for discovery and the date the Tolling Agreement became effective. Accordingly, Defendant argues there are no material issues of fact.

Defendant's Motion to Dismiss based on the statute of limitations does not specify that it is brought under Rule 12(b)(6). Such a Motion can be brought under Rule 12(b)(6).[1] The parties appear to assume that it is brought under Rule 12(b)(6) and not under Rule 12(b)(1) for lack of jurisdiction.[2] Plaintiff is correct that subsection (d) of Rule 12 requires that "if a district court intends to rely on other evidence, it must convert the Rule 12(b)(6) motion to a motion for summary judgment, giving proper notice to the parties."[3]

Accordingly, the Court will convert the Motion to Dismiss on the statute of limitations issue to one for summary judgment. The parties submitted materials outside of the pleadings and argued the issue of the language of the Tolling Agreement. It appears that the dispositive issue is the construction of the Tolling Agreement. However, the parties are

---

[1] *See, e.g., Braxton v. Zavaras,* 614 F.3d 1156, 1159 (10th Cir. 2010) (finding the statute of limitation was not tolled and, therefore, affirming dismissal of action under Rule 12(b)(6)).

[2] The Court may consider matters outside the pleadings in a Rule 12(b)(1) motion without converting it to one for summary judgment. *See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003).

[3] *Gee v. Pacheco,* __ F.3d ___ 2010 WL 4196034, *5 (10th Cir. Oct. 26, 2010).

entitled to notice of the conversion of the motion and to file any additional argument and materials on summary judgment. But delay for additional discovery can only be allowed upon the filing of a properly supported motion under Rule 56(f). "A party may not invoke Rule 56(f) by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion."[4]

> "A party seeking to defer a ruling on summary judgment under Rule 56(f) must file an affidavit that explains why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts."[5]

It is therefore

ORDERED that Defendant's Motion to Dismiss re: statute of limitations (Docket No. 13) is converted to a motion for summary judgment under Fed. R. Civ. P. 56. It is further

ORDERED that Plaintiff shall have until December 9, 2010, to file any additional argument or material in opposition to the Motion and Defendant shall have until December 30, 2010, to file any response. If a party chooses to rely on their positions and materials as already filed they shall file a notice to that effect. It is further

---

[4] *Garcia v. United States Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008).

[5] *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)).

ORDERED that the hearing set for Friday, November 20, 2010, at 2:00 p.m. is VACATED.

DATED   November 17, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge